IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LANNETTE MITCHELL | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 3:16-cv-165-SRW |
| CODY EXPRESS, LLC, et al. | ) |
| Defendants. | ) |

**<u>OPINION AND ORDER</u>**

This matter is before the court on plaintiff's motion to remand (Doc. 4), which is opposed by defendants Cody Express, LLC and Elmer Dewayne Cope (collectively "defendants"). This case was initially assigned to the undersigned as presiding judge, and the parties subsequently consented in writing to the exercise of final dispositive jurisdiction by the Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73(a). (Docs. 9, 10). The motion to remand has been briefed and taken under submission without oral argument. For the reasons stated herein, the plaintiff's motion to remand is due to be DENIED.

**I.   Background and facts**[1]

---

[1] These are the facts only for purposes of the court's ruling on the pending motion to remand. They are gleaned from the notice of removal (Doc. 1), motion to remand (Doc. 4) and exhibits thereto, as well as the brief in opposition to the motion to remand (Doc. 7) and exhibits thereto.

Plaintiff initiated this suit on January 26, 2016 by filing a complaint in the Circuit Court for Lee County, Alabama. (Doc. 1-1).  Plaintiff claims that, as a result of an April 11, 2014 automobile accident with defendant Cope, she suffered injuries resulting in physical and mental suffering; past, present, and future medical expenses; and lost wages. (Id.). Plaintiff also seeks punitive damages. (Id.). Plaintiff does not specify in her complaint the amount of damages she intends to claim and does not otherwise make a demand. (Id.). When plaintiff filed her complaint, plaintiff also served written discovery requests on both defendants. (Id.). Defendants answered the complaint on February 12, 2016. (Id.). On February 17, 2016, defendants served written discovery requests on plaintiff. (Id.). On February 18, 2016, defendants responded to plaintiff's requests for admission. (Id.).

On March 4, 2016, the following email exchange took place between plaintiff's counsel and defense counsel:

> **From John Martin (plaintiff's counsel) to Jay Clark (defense counsel):**
>
> Jay
>
> [I] am in receipt of your discovery request – that being the interrogatories, RPD, and RFA.
>
> Could you please have your secretary email me those filing [sic] in word so I do not have to retype everything?
>
> Also, we will be asking for more than $75,000 so I assume you are considering a removal to federal court?
>
> If so, it might be easier to respond to discovery at that time.
>
> **From Jay Clerk (defense counsel) to John Martin (plaintiff's counsel):**

> I am considering removal to FC—haven't decided yet. I assume from your note that the amount in controversy is nw [sic] in excess of $75,000. If wrong let me know. If we remove we can reformat the discovery so I agree on that. Please send medical when you can. Thanks[.]
>
> **From John Martin (plaintiff's counsel) to Jay Clark (defense counsel):**
>
> Yes, its [sic] going to be in excess of $75,000.
>
> If you will send the reformatted discovery, I can be working on it regardless of forum.
>
> Thanks!

(Doc. 1-2 at p. 2). Defendants filed their notice of removal, which is premised on diversity jurisdiction, on March 14, 2016. (Doc. 1).

## II. The parties' positions

In their notice of removal, defendants argue that while the parties are diverse, this case was not originally removable because it was not clear that the amount in controversy was in excess of $75,000. According to defendants, the case became removable on March 4, 2016 – the date that plaintiff's counsel confirmed via email that the amount in controversy is in excess of $75,000. (Doc. 1 at 2). Defendants attached the email correspondence to their notice of removal. (Doc. 1-2).

Although plaintiff was on notice that defendants' basis for removal was their receipt of the March 4, 2016 email, plaintiff's motion to remand does not mention the email correspondence. Plaintiff argues that the case is due to be remanded because of defendants' failure to remove the case within 30 days after the last defendant was served with the complaint. (Doc. 5 at 4). Plaintiff also maintains that the case should be remanded because

defendants neglected to attach to their notice of removal the summons to either defendant, as well as the return of service to either defendant.

Defendants argue in response to plaintiff's motion to remand that plaintiff's counsel's email constituted an "other paper," as contemplated by 28 U.S.C. § 1446(b)(3), and that receipt of this "other paper" triggered the 30-day time period for removal. (Doc. 7 at 3).  Defendants further contend that their removal was timely, as it was filed 10 days after receipt of the email.  (Id.).

### III. Legal standards

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Griffith v. Wal-Mart Stores East, L.P., 884 F. Supp. 2d 1218, 1221 (N.D. Ala. 2012) (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir.1999)). "[B]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Id. (citing Univ. of S. Ala., 168 F.3d at 411).

The removing party has the burden of establishing subject matter jurisdiction. Griffith, 884 F. Supp. 2d at 1221. "[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Id.* (quoting Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co., 995 F.Supp. 1388, 1389 (M.D. Ala.1998)). "In fact, removal

statutes are to be strictly construed, with all doubts resolved in favor of remand." Id. (quoting Lowe's at 1389).

IV. Discussion

    A. **Timeliness of defendants' removal**

        i. **"Other paper" removals, generally**

Removal procedure is governed by 28 U.S.C. § 1446, which "contemplates two ways that a case may be removed based on diversity jurisdiction." Moore v. Wal-Mart Stores East, LP, 2015 WL5813164, *4 (M.D. Ala. Oct. 5, 2015) (report and recommendation adopted). "The first way (formerly referred to as 'first paragraph removals') involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings." Id. (quoting Griffith at 1223). See also 28 U.S.C. § 1446(b)(1)(2012).[2] "The second way (formerly referred to as 'second paragraph removals') contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Id. (quoting Griffith at 1223). See also 28 U.S.C. § 1446(b)(3)(2012). "Discovery responses, for example, can constitute 'other papers' from which diversity jurisdiction can be

---

[2] "The Court in Griffith explained the 'first paragraph' and 'second paragraph' distinction made throughout case law analyzing this statute. It explained: The now defunct distinction between 'first paragraph' and 'second paragraph' removals is rendered obsolete by a clearer version of the removal statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing 'first paragraph' and 'second paragraph' removals is still applicable despite its outdated terminology… ." Moore, 2015 WL 5813164 at n. 3) (internal quotation marks omitted).

5

established." Id.; see 28 U.S.C. § 1446(c)(3)(2012)("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3))." Letters, as well as emails, from counsel constitute "other papers." See id.; see also Lee v. Lilly Trucking of Virginia, Inc., 2012 WL 960989, *2 (M.D. Ala. 2012) (letters and emails constitute "other papers"); Movie Gallery US, LLC v. Smith, 574 F. Supp. 2d 1244 (M.D. Ala. 2008) (emails estimating damages constitute "other papers").

Plaintiff does not specify in her complaint the amount of damages she seeks, and defendants base their removal of this action on the receipt of an "other paper" – the March 4, 2016 email. Therefore, under the previous statute, defendants' removal would have been characterized as a "second paragraph" removal, and case law analyzing the same is directly applicable to the instant inquiry.

### ii. Standard for "other paper" removals

"There is some confusion within the Eleventh Circuit regarding the standard applicable to 'other paper' analysis." Moore at *4. This court is persuaded by the Moore court's conclusion that the "unambiguously establish" standard articulated in Lowery v. Ala. Power Co., 483 F.3d 1184, 1214-15 (11th Cir. 2007) is binding on this court and governs the question in this case. The Moore court based its decision on and is in accord with Allen v. Thomas, 2011 WL 197964 (M.D. Ala. 2011), which is also persuasive. In

<u>Allen</u>, the court explained its adoption of the *Lowery* "unambiguously establish" standard as follows:

> This case was removed to federal court under the second paragraph of § 1446(b), based on Plaintiff's deposition testimony, which Safeco argues is the "other paper" by which it "'first ... ascertained' "that the case was removable. (Not. of Removal ¶ 1 (quoting § 1446(b)).) As explained in *Lowery*, under the second paragraph of § 1446(b), "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1213 n. 63. All three conditions must be present before § 1446(b)'s thirty-day removal clock starts ticking.
>
> Plaintiff does not dispute that Safeco has established two of these conditions, i.e., that Plaintiff's deposition testimony constitutes "other paper" and that Safeco received this other paper from Plaintiff. *See id.*; *see also id.* at 1213 n. 62 (noting that deposition testimony has been found to qualify as "other paper" under § 1446(b) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996))). Only *Lowery*'s third condition for a proper § 1446(b) paragraph two removal is at issue here: Whether Safeco could have "first ascertain[ed]" from Plaintiff's deposition testimony that the damages in this case exceeded $75,000 so that the suit could be maintained in federal court. *Lowery*, 483 F.3d at 1213 n. 63. The issue is what is Safeco's burden for proving this third condition.
>
> Safeco contends that Plaintiff's deposition testimony shows by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Resp. to Mot. to Remand 4.) Safeco does not address, however, the impact of *Lowery* on a removing defendant's burden when faced with a timely § 1447(c) challenge to the propriety of removal under the second paragraph of § 1446(b). Rather, as its sole support for application of the preponderance of the evidence standard, Safeco cites a pre-*Lowery* district court opinion that did not involve application of § 1446(b).4 (Resp. to Mot. to Remand 4 (citing *Alexander v. Captain D's, LLC*, 437 F. Supp .2d 1320 (M.D. Ala.2006)).)
>
> Because Plaintiff's Motion to Remand was filed within thirty days of the Notice of Removal, see§ 1447(c), Plaintiff properly challenges "the propriety of the removal itself" under § 1446(b)'s second paragraph. *Lowery*, 483 F.3d at 1213 n. 64. "[I]n assessing the propriety of removal" under the

7

second paragraph of § 1446(b), "the court considers the document received by the defendant from the plaintiff ... and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id*. at 1213.The "document"—in this case, Plaintiff's deposition testimony— "must contain an unambiguous statement that clearly establishes federal jurisdiction," in this case, the amount in controversy. *Id*. at 1213 n. 63 (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002), and *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999))). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." *Id*. at 1211. If the evidence does not unambiguously establish the amount in controversy in this way, "neither the defendants nor the court may speculate in any attempt to make up for the notice's failings." *Id*. at 1214–15. Accordingly, a defendant must satisfy the "unambiguously establish" burden commanded by *Lowery*, where the plaintiff timely challenges the propriety of removal under the second paragraph of § 1447(c). *See* 483 F.3d at 1213 n. 64. That is the scenario in this case, and, thus, *Lowery* governs the present analysis.

To say that *Lowery's* "unambiguously establish" standard governs in this case, however, is not to say that *Lowery* has been warmly or readily embraced. To the contrary, it has been criticized and its holding constricted, most recently by the Eleventh Circuit in *Pretka*. *Pretka* rejected as dicta *Lowery's* statements affecting removals made pursuant to the first paragraph of § 1446(b), like in *Pretka*, emphasizing that *Lowery* was a second-paragraph removal and "must be read in that context." *Pretka*, 608 F.3d at 747, 757–58, 760, 767; *see also Roe*, 613 F.3d at 1061 (following *Pretka* and noting that "[t]his opinion considers removal only under the first paragraph of § 1446(b); it does not address the effect of *Lowery*... on second-paragraph cases").

Moreover, to say that *Lowery's* "unambiguously establish" standard governs in this case should not be taken to mean that this court understands the logic of the standard. Even *Lowery* itself recognized that the "unambiguously establish" standard and the less rigorous preponderance of the evidence standard were at odds. *See* 483 F.3d at 1211. If a defendant can unambiguously establish the amount in controversy, "then the defendant could have satisfied a far higher burden than preponderance of the evidence." *Id.* Lowery, however, did not resolve the conflict; rather, it concluded that it was constrained by "precedent ... to continue forcing this square peg into a round hole." *Id.*; *see also SUA Ins. Co. v. Classic Home Builders, LLC*, No. 10–0388–WS–C, 2010 WL 4664968, at *4 (S.D. Ala. Nov. 17, 2010) (*Lowery's* "'unambiguously establish' standard necessarily is more exacting

8

> than a preponderance of the evidence standard, and both of them cannot simultaneously apply.").
>
> *Lowery's* unambiguously establish standard has not been rejected in the context of a § 1446(b) second paragraph removal. Under *Pretka's* rationale that *Lowery* is dicta as to a first-paragraph removal, any criticism in *Pretka* as to the soundness of *Lowery's* principles in § 1446(b) second-paragraph removals also must be regarded as dicta. As stated, this case involves a removal under the second paragraph of § 1446(b), and the propriety of the removal has been challenged in a timely-filed motion to remand under § 1447(c). Given this procedural posture, the court will apply *Lowery*. *See Jackson v. Litton Loan Servicing, LP*, No. 09cv1165, 2010 WL 3168117, at *4 (M.D. Ala. Aug. 10, 2010) ("Until the Eleventh Circuit changes the rule set forth in *Lowery*, this Court will continue to apply it when considering a notice of removal under the second paragraph of § 1446(b).").

Allen at **3-5. This court agrees that the *Lowery* "unambiguously establish" standard applies to second-paragraph removals such as the one before the court.[3]

### iii.   Analysis

Defendants argue that it was not until they received the "other paper" – i.e., plaintiff's counsel's March 4, 2016 email – that the time to remove the action began to run. Plaintiff, although on notice of defendants' email theory as set out in the notice of removal, does not mention the "other paper" doctrine in her motion to remand and, indeed, offers no argument or evidence to the contrary.

---

[3] See, e.g., Advantage Medical Electronics, LLC v. Mid-Continent Gas Co., 2014 WL 1764483, *4 (S.D. Ala. May 5, 2014)("Two major decisions by the Eleventh Circuit, *Roe* and *Pretka*, followed *Lowery* and lightened the burden as amount in controversy for cases removed under § 1446(b)(1), however, "[t]his Court agrees with the weight of authority in this circuit following *Roe* and *Pretka*, that the analysis set forth in *Lowery* still applies to [§ 1446(b)(3) ] cases.")(alteration in original); Brown v. Tanner Med. Ctr., 2010 WL 3328500, *3 (M.D. Ala. Aug. 23, 2010)("As this is a second-paragraph Type 1 case, the case is still governed by the analysis outlined in *Lowery* [.]").

The language of the email is clear and unambiguous. In response to an email from plaintiff's counsel, in which plaintiff's counsel explicitly references the possibility that defense counsel will remove the case and volunteers to defense counsel that plaintiff "will be asking for more than $75,000," defense counsel asks if "the amount in controversy is n[o]w in excess of $75,000." (Doc. 1-2 at 2). Plaintiff's counsel unequivocally responds by confirming that the amount of controversy is in excess of $75,000. (Id.). Plaintiff neither disputes that this email discussion took place, nor argues that defense counsel knew or should have known earlier that she intended to seek damages in excess of the jurisdictional minimum.[4]

Accordingly, defendants have met their burden to establish unambiguously that this case became removable on March 4, 2016. Defendants have also met their burden of demonstrating that their removal was timely. The motion to remand is due to be denied on this ground.

### B. Failure to attach required documents to the notice of removal

Plaintiff contends that the case is also due to be remanded on the basis that defendants failed to attach certain documents to their notice of removal. Specifically, plaintiff argues that defendant failed to attach the summons papers sent to defendants, as well as their returns of service. Defendants counter that because the "other paper," as opposed to the complaint, triggered their right to remove the case, they were not required

---

[4] Indeed, the event which appears to have precipitated the email exchange was plaintiff's counsel's receipt of defendants' written discovery requests (interrogatories, requests for production, and requests for admission). (Doc. 1-2 at 2). Therefore, at the time the subject email was sent, defendants had not yet received written discovery responses from plaintiff.

10

to attach the summons papers and returns of service associated with the complaint. Defendants cite no law for this proposition and the court has been unable to find any such authority. Notwithstanding, plaintiff's motion to remand is still due to be denied.

Plaintiff is correct that the removal statute requires the removing defendants to attach to the notice of removal "a copy of all process, pleadings, and orders" served on them. 28 U.S.C. § 1446(a). However, the law of this Circuit is clear that failure to attach these documents is not a ground for remand. See Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286-87 (11th Cir. 1985)(removal is proper even if all the necessary papers are not filed with the notice of removal, as those documents can be later supplied); Nam v. U.S. Xpress, Inc., 2011 WL 1598835, 4 (N.D. Ga. 2011)(accord, collecting cases); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (2008) ("The failure to conform to these procedural rules is not a jurisdictional defect, and both the failure to file all the state court papers or to provide the Rule 11 signature are curable in the federal court if there is a motion to remand."). This case is not due to be remanded for defendants' failure to attach the summons papers and returns of service to the notice of removal.

## V. Conclusion

For the reasons set forth above, it is

ORDERED that plaintiff's motion to remand is DENIED. It is further

ORDERED that defendants shall supplement the record to include all state court process, pleadings, and orders served on them at the time of removal on or before November 8, 2016.

DONE, on this the 25th day of October, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge